```
Priority    X
Send        X
Enter       ___
Closed      ___
JS-5/JS-6   ___
JS-2/JS-3   ___
Scan Only   ___
```



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| FORMULATED SCIENCES, INC., | Case No. SA CV 03-1837-GLT (MLGx) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| vs. | |
| NATIONAL FOOTBALL LEAGUE et al., | |
| Defendants. | |



Defendants' motion to dismiss Plaintiff's Second Amended Complaint is GRANTED with 20 days leave to amend.

I. BACKGROUND

Plaintiff Formulated Sciences, Inc. is a distributor of Duzoxin, a food supplement, and Democaine, a pain-relief formula. In 2001, Plaintiff secured the endorsement of professional football player Terrell Owens for both products. In 2002, however, Owens informed Plaintiff he could no longer provide his endorsement because Plaintiff was on a list of companies that manufacture, distribute, or sell products banned under Defendants National Football League and National Football League Players Association's Policy on Anabolic Steroids and

Related Substances. This collectively bargained policy prohibits professional football players from using or endorsing products of companies on the list.

Plaintiff sued, alleging unlawful restraint of trade in violation of federal and state antitrust law, unfair competition, unlawful boycott, and trade libel. Plaintiff argued its products do not contain any banned substance, it was wrongfully included on Defendants' list, and it lost Owens's endorsement and sales as a result. In response, Defendants filed a motion to dismiss the Complaint, which the Court granted with leave to amend.

Plaintiff filed a First Amended Complaint, and Defendants moved to dismiss. Defendants' motion to dismiss was granted with leave to amend as to Plaintiff's federal antitrust claim, and without leave to amend as to Plaintiff's state law claims.

Defendants now move to dismiss Plaintiff's Second Amended Complaint based on a federal claim under 15 U.S.C. § 1125 and a state claim for trade libel.

## II. DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the claims in the complaint. Fed. R. Civ. P. 12(b)(6).

### A. Plaintiff's Federal Claim

In their moving brief, Defendants understand Plaintiff's federal claim to be based on the Trademark Dilution Act, 15 U.S.C. § 1125(c) (1998 & Supp. 2004), which provides a remedy for the "dilution of famous marks." Moseley v. V Secret Catalogue, Inc., 537 U.S. 418, 420 (2003) (quotation marks omitted). "Dilution" is defined as "the lessening of the capacity of a famous mark to identify and distinguish goods or services." 15 U.S.C. § 1127.

Injunctive relief is available under the Trademark Dilution Act only if Plaintiff can allege and prove "(1) its mark is famous; (2) the defendant is making <u>commercial use</u> of the mark in commerce; (3) the defendant's use began after the plaintiff's mark became famous; and (4) the defendant's use presents a likelihood of dilution of the distinctive value of the mark." <u>Avery Dennison Corp. v. Sumpton</u>, 189 F.3d 868, 873-74 (9th Cir. 1999) (emphasis added).

To properly plead "commercial use," Plaintiff must allege Defendants are using Plaintiff's mark as part of a commercial transaction intended to sell Defendants' products or services. <u>Id.</u> at 880; see <u>Bally Total Fitness Holding Corp. v. Faber</u>, 29 F. Supp. 2d 1161, 1166-67 (C.D. Cal. 1998). Commercial use does not include use of the mark to criticize a company or to express one's opinion about the company or its products. See <u>Bally Total Fitness Holding Corp.</u>, 29 F. Supp. 2d at 1166-67 ("[T]rademark owners may not quash unauthorized use of [a] mark by a person expressing a point of view.").

In its Second Amended Complaint, Plaintiff alleges "Formulated Sciences, Inc.," "Duzoxin," and "Democaine" are federally registered trademarks. (Second Am. Compl. ¶ 10.) According to Defendants, there is no allegation in the Second Amended Complaint suggesting Defendants are "trad[ing] on the value of the marks as marks." <u>Avery Dennison Corp.</u>, 189 F.3d at 880 (quotation marks omitted).

Specifically, Defendants argue the inclusion of Plaintiff Formulated Sciences, Inc. on the list does not constitute commercial use of the "Formulated Sciences, Inc." mark because Defendants are not trying to capitalize or trade on the value of the "Formulated Sciences, Inc." mark; instead, Defendants are only stating Plaintiff Formulated Sciences, Inc. "has engaged in a business practice . . . which

[Defendants] have collectively determined is incompatible with the image of professional football and the health and safety of its players and fans." (Defs.' Mot. Dismiss at 5-6.)

Defendants also argue Plaintiff has not alleged Defendants used the "Duzoxin" and "Democaine" marks in any way, commercially or otherwise; therefore, no federal trademark dilution claim can be based on the alleged dilution of the "Duzoxin" and "Democaine" marks.

In opposition, Plaintiff contends its federal claim is based not on the Trademark Dilution Act, but on the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). (Pl.'s Opp'n at 3.) Section 1125(a)(1)(B) prohibits false or misleading representations of fact in "commercial advertising or promotion."

The Ninth Circuit has adopted a four-part test for determining whether a challenged statement constitutes commercial advertising or promotion. The challenged statement must be "1) commercial speech; 2) by a defendant who is in commercial competition with plaintiff; 3) for the purpose of influencing consumers to buy defendant's goods or services"; and "the [statement] 4) must be disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within [the] industry." Rice v. Fox Broad. Co., 330 F.3d 1170, 1181 (9th Cir. 2003).

Plaintiff alleges Defendants published false statements about Plaintiff's marks on Defendants' website (and elsewhere). Defendants' website, for example, states Plaintiff manufactures products containing anabolic steroids. According to Plaintiff, because Defendants' false statements about Plaintiff are published on Defendants' promotional website (and elsewhere), Plaintiff has a cognizable claim under § 1125(a)(1)(B).

1     The Court disagrees. Plaintiff has not sufficiently pleaded the
2 first three parts of the Ninth Circuit's four-part test.
3     First, Plaintiff has not properly alleged the statements on
4 Defendants' website (or elsewhere) are commercial speech. In Rice, the
5 Ninth Circuit explained the "core notion of commercial speech is speech
6 which does no more than propose a commercial transaction." 330 F.3d at
7 1181 (quotation marks omitted). Here, Defendants state Plaintiff
8 manufactures products containing banned substances. This statement is
9 not part of any proposal for a commercial transaction. It is not
10 actionable as commercial advertising or promotion under the Lanham Act.
11     Second, Plaintiff has not properly alleged there is any commercial
12 competition between it and Defendants. "For purposes of the Lanham Act,
13 'competitors' are 'persons endeavoring to do the same thing and each
14 offering to perform the act, furnish the merchandise, or render the
15 services better or cheaper than his rival.' They are parties vying for
16 the same dollars from the same consumer group." New.Net, Inc. v.
17 Lavasoft, 356 F. Supp. 2d 1090, 1117 (C.D. Cal. 2004).
18     Plaintiff alleges it is a "distributor of a nutritional food
19 supplement known as Duzoxin and a pain relief ointment known as
20 Democaine." (Second Am. Compl. ¶ 10.) The Second Amended Complaint,
21 however, contains no allegation about the business activities of
22 Defendants, which do not appear to compete with the business activities
23 of Plaintiff.
24     Third, Plaintiff does not allege Defendants' statements were "for
25 the purpose of influencing consumers to buy [Defendants'] good or
26 services," Rice, 330 F.3d at 1181, nor does Plaintiff provide any basis
27 for such an allegation. Defendants' statements regarding Plaintiff are
28 simply part of the statement of the collectively bargained policy of

professional football relating to anabolic steroids.

Defendants' motion to dismiss Plaintiff's federal claim under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), is GRANTED.

B.  <u>Plaintiff's State Claim for Trade Libel</u>

In its January 24, 2005 Order, the Court concluded Plaintiff is restricted in challenging Defendants' Policy on Anabolic Steroids and Related Substances under state law because <u>Partee v. San Diego Chargers Football Co.</u>, 34 Cal. 3d 378, 380 (1983), held California's antitrust law is not applicable to the interstate activities of professional football, and <u>Hebert v. Los Angeles Raiders, Ltd.</u>, 285 Cal. Rptr. 449, 454 (Ct. App. 1991), extended <u>Partee</u> to bar application of certain other aspects of California's constitutional and statutory law to the interstate activities of professional football. (Ct.'s Jan. 24, 2005 Order at 6.) Plaintiff's state law claims, including Plaintiff's trade libel claim, were dismissed without leave to amend. (Ct.'s Jan. 24, 2005 Order at 6.)

Plaintiff asserts its common law trade libel claim is different than the rule in <u>Hebert</u>, and is not barred. The Court disagrees. The reasoning in <u>Hebert</u> applies to Plaintiff's assertion of claimed trade libel. This is particularly true in light of Plaintiff's representations about pleading Lanham Act competition (discussed below). The underlying basis for Plaintiff's claims is business action and competition claimed to be unlawful. This seems to come squarely within <u>Hebert</u>. Plaintiff's state claim for trade libel is dismissed.

C.  <u>Amendment</u>

At oral argument of this matter, Plaintiff requested leave to amend once again, to assert a Lanham Act claim. Plaintiff plans to allege new facts which it claims will amount to improper competition.

Defendants respond that the new facts, as represented by Plaintiff, do not amount to "competition."

The amendment will be allowed. Only when the facts are fully alleged will the Court be able to rule whether they are legally sufficient. If appropriate, Defendants may bring a new motion to test the amended pleading.

### III. DISPOSITION

Defendants' motion to dismiss the Second Amended Complaint is GRANTED with 20 days leave to amend.

DATED: April 14, 2005

GARY L. TAYLOR
UNITED STATES DISTRICT JUDGE